BONINE v. THE CITY OF RICHMOND, *Appellant.*

1. **City Sidewalks**: QUESTION OF LAW. Whether it is the duty of a city under its charter to keep its sidewalks in repair, is a question of law, and should not be submitted to the jury.

2. **Instructions.** An instruction containing simply an abstract principle of law, having no practical bearing on the case, is properly refused.

3. **Municipal Corporations**: THEIR LIABILITY FOR DEFECTIVE SIDEWALKS. To fix upon a municipal corporation liability for an injury occasioned by a defect in a street, it is not essential to show that the corporate authorities had actual knowledge of the defect. It is enough if a state of circumstances existed from which notice could have been reasonably implied. But without one or the other of these there is no liability.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED.

*Shotwell & Ball* and *James L. Farris* for appellant.

*Joseph E. Black, James W. Black, C. T. Garner & Son* and *John Mason* for respondent.

NORTON, J.—This is a suit instituted by Eliza Bonine, in which her husband is joined, to recover damages for alleged personal injury occasioned, as averred, by the care-

lessness and negligence of defendant in suffering a board upon the sidewalk on the north side of Lexington street, in defendant city, to become loose, so that a person stepping on one end of the board would cause the other end to fly up suddenly. The petition alleged that while plaintiff was walking along said sidewalk with her husband, and a little behind him, he stepped on one end of said board causing the other end to fly up, catching plaintiff's foot, whereby, without fault upon her part, she was violently thrown upon said sidewalk, whereby the bones of her wrist were broken, from the effects of which she lost the use of her arm. Defendant, in the answer, denies the allegations of the petition, and avers that if plaintiff sustained injury it was because of her own negligence.

The cause was tried in the circuit court of Clinton county, where it had been taken by change of venue, and judgment was rendered for plaintiff, from which defendant has appealed, and assigns as the chief ground of error the action of the court in refusing the following instructions asked by the defendant:

1. Unless the jury believe from the evidence that the defendant was by its charter required to keep the streets and sidewalks in a reasonably safe and good traveling condition, they will find for defendant.

3. Although the jury may believe from the evidence that said sidewalk was not in a reasonably safe traveling condition, yet if they further believe that the condition thereof was not known to the corporation, they will find for defendant.

4. Although the jury may believe from the evidence that the plaintiff, Eliza Bonine, stumbled and fell on a loose plank of said sidewalk, yet if they further believe that on the evening before the show the street commissioner carefully nailed down all loose plank on the sidewalk, and that on the day of the show, a large crowd passed over said sidewalk, and that the city authorities were not aware of

the fact of said plank being loose, then defendant was not guilty of negligence, and they will find for defendant.

7.   A municipal corporation is not an insurer against accident on the street and sidewalks, nor is every defect therein, though it may cause the injury sued for, actionable.

9.   Although the jury may believe from the evidence that plaintiff was injured in consequence of a defect in defendant's sidewalk, unless they further believe from the evidence that defendant had notice of the defect in the sidewalk which caused the injury, or facts from which notice might reasonably have been inferred, they will find for defendant.

The first instruction was properly refused, because it submitted a question of law to the jury.   It was the province of the court and not the jury to determine whether or not, under the charter, it was the duty of defendant to keep its streets and sidewalks in repair.

1. CITY SIDEWALKS: question of law.

The third instruction was properly refused, as it predicated defendant's non-liability on the fact alone of actual knowledge by it of the defect, and wholly ignored all other elements of liability.   The fourth instruction is vicious for the same reason.

The seventh instruction asserts simply an abstract principle of law having no practical bearing on the case, misleading in its character, and was, therefore, properly refused.

2. INSTRUCTIONS.

The ninth instruction, though objectionable in its phraseology, and wanting in perspicuity, we think should have been given, as the refusal of it deprived defendant of the benefit of the principle governing in such cases, viz:   That before the defendant could be made liable, it must be made to appear either that the corporate authorities knew of the defect which occasioned the injury, or had been notified of it, or that a state of circumstances existed from which no-

3. MUNICIPAL CORPORATIONS: their liability for defective sidewalks.

tice could have been reasonably implied. Mr. Dillon in his work on Corporations, (3 Ed.) sections 1024, 1025, states the rule thus : " Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its neglect or omission to keep the streets in repair, as well as those caused by the wrongful acts of others, but as in such case the basis of the action is negligence, notice to the corporation of the defects which caused the injury, or facts from which notice thereof may be reasonably inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied is essential to liability." " In the class of cases last referred to, the corporation, in the absence of a controlling enactment, is responsible only for a reasonable diligence to repair the defect or prevent accidents, after the unsafe condition of the street is known to it or its officers having authority to act respecting it.        *        *        If such a body by its officers and servants have the means of knowing that a highway is unfit for travel and are negligently ignorant of its state, they are guilty of negligence."

The same principle is announced in Shearman & Redfield on Negligence, sections 148, 149, and is fully sustained by the following authorities : *Russell v. Town of Columbia,* 74 Mo. 480; *Colby v. City of Beaver Dam,* 34 Wis. 285; *Manchester v. City of Hartford,* 30 Conn. 118; *City of Springfield v. Doyle,* 76 Ill. 202; *Mayor v. Sheffield,* 4 Wall. 189 ; *Dewey v. City of Detroit,* 15 Mich. 307. In the last case above cited, the plaintiff sued the city for damages occasioned by being tripped up by a loose board in a sidewalk, the injury having occurred by reason of the plank being raised suddenly by a person stepping upon one end of it, so that plaintiff when passing caught his foot under it, as it was so raised, and was thrown down and injured. That case is on all-fours with the case at bar, and presented the same questions here involved, and in the disposition of it, it was said by the court : " That if a defect is found which the city ought to have known, and which it has failed to

repair within a reasonable time after such knowledge may be presumed to have reached it, as under all the circumstances was sufficient for such repairing, then there is a good cause of action, but not otherwise."

It appears from the record before us, that the evidence tended to show that defendant, through its agent, the street- commissioner, the day before plaintiff was injured by the loose plank on the sidewalk, had repaired the sidewalk by nailing down all the plank, and that on the next day large crowds of persons in the town for the purpose of witnessing a circus, had passed over the sidewalk, whereby the plank was loosened. This evidence clearly entitled defendant to have in an instruction the benefit of the principle we have discussed herein, and as it was denied to it, the judgment will be reversed and the cause remanded, in which all concur.