Squires v. The City of Chillicothe.

SQUIRES v. THE CITY OF CHILLICOTHE, *Appellant*.

1. Evidence : WITNESS. PHYSICIAN AS. It is competent for a physician to testify on behalf of his patient as to injuries received by the latter, where the knowledge of the physician is derived from attendance upon the patient in a professional character and from an examination of his person. (Affirming *Groll v. Tower*, 85 Mo. 249).

Squires v. The City of Chillicothe.

2. ———— : EXPRESSIONS OF BODILY AND MENTAL FEELING. Whenever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings made at the time in question are original evidence.

3. Municipal Corporations : DUTY TO REPAIR STREET : NEGLIGENCE. It is the duty of a city, and not of passers by, to notice defects in streets and sidewalks and to repair them ; and it does not follow, because the defect is not of a character necessarily to attract the attention of passers by, that the city, by the exercise of due care, would not have discovered it.

4. ———— : ————— : ————. If the city knew, or, by the exercise of reasonable care and caution, could have ascertained the defective condition of its sidewalk, it is liable for injuries received by reason of such defective condition, although not one of a hundred persons passing over it would have noticed the defect.

5. Practice : CHANGE OF VENUE : AFFIDAVIT. A change of venue should not be granted upon the affidavit of the father of the plaintiff who is not a party to the suit, but where no objection is made in the court where the application is made, but for the first time by motion in arrest in the court of the county to which the change was awarded it should not be sustained.

*Appeal from Carroll Circuit Court.*—HON. JAMES M. DAVIS, Judge.

AFFIRMED.

*C. H. Mansur* and *Paul Dixon* for appellant.

(1) The Carroll court had no jurisdiction. The petition for change of venue was not sworn to by the plaintiff, in whose favor the change was granted. *Levin v. Dille*, 17 Mo. 64 ; *Huthsing v. Maus*, 36 Mo. 101 ; *Norvell v. Porter*, 62 Mo. 312 ; *Ewing v. Brooks*, 69 Mo. 49 ; *Fields v. Malony*, 78 Mo. 175. (2) Doctors McLeod and Marshall, as the personal physicians of the plaintiff, were incompetent to testify as to matters learned from a personal examination of plaintiff after the relation of patient and physician was once established. Sec. 4017, R. S. of Missouri, 1879 ; *Gartside v. Conn. Life Ins. Co.*, 76 Mo. 446. (3) The court erred in refusing instruc-

tion number three, offered by defendant, to the effect that the "defect in the sidewalk had to be so open and palpable, as to be apparent, and necessarily attract the attention of passers by, to make defendant liable." *Dewy v. Detroit*, 15 Mich. 307; *Bonine v. Richmond*, 75 Mo. 437; *Hume v. New York*, 47 New York, 639. (4) Instructions numbers six and seven, offered by defendant and refused, should have been given. *Bassett v. St. Joseph*, 53 Mo. 303; *Brown v. Mayor of Glasgow*, 57 Mo. 157; *Craig v. Sedalia*, 63 Mo. 417. (5) The question propounded to Dr. McLeod, if he was a competent witness, relative to the permanency of the injury and his answer thereto, are too remote and speculative in character, and open too wide a door to the jury to assess damages upon. *Strohm v. Railroad*, 96 N. Y. 305; *White v. Milwaukee*, 20 C. L. J. 11. (6) Fannie Squires, the sister, Sarah Squires, the mother, and John Squires, the father, gave incompetent and illegal testimony being a narrative of past events, and not exclamations or expressions of pain. Whar. 'Evid. [2 Ed.] sec. 268 and note 2; *Bacon v. Charlton*, 7 Cush. 581; *Gray v. Marlborough*, 9 Gray, 244. (7) The questions propounded to Leggett, Seiser and Butner, were competent, and the city could show that the sidewalk was of a greater width than the travel demanded, and that a sufficient width to accommodate the traveling public was in good repair and condition. *Bassett v. St. Joseph*, 53 Mo. 303; *Brown v. Glasgow*, 57 Mo. 157; *Craig v. Sedalia*, 63 Mo. 417; Rapalje and L.'s Law Dictionary, "Immaterial;" *Shelton v. Durham*, 73 Mo. 434; *Kansas City v. Railroad*, 77 Mo. 181; Rule 63, and illustration 13, Lawson's Ex. Ev.

*Broaddus & Wait* and *Wynne & Davis* for respondent.

(1) The court had jurisdiction and the objections

made by appellant came too late.  *Potter v.  Adams*, 24
Mo. 159;  *State v.  Knight*, 61 Mo. 374;  *State v.  Dodson*,
72 Mo. 284.   (2) The opinion of the medical experts was
properly admitted.   *Campau v.  North*, 39 Mich. 606;
*Penn. Mut. Life Ins.  Co.  v.  Wilson*, 50 Am. Rep. 769.
In *Campau v.  North*, the court says that the party has
rights in this case, and "that a rule intended as a shield
is not turned into a sword."   (3) The instruction asked
by appellant is erroneous, and there was no basis for it,
the city had actual notice through its mayor.   And con-
structive notice, the law presumes notice after a rea-
sonable length of time.   *Brady v.  Lowell*, 3 Cush.  121;
*Hutchison v.  Littleton*, 124 Mass. 289;  *Market v.  City
of St.  Louis*, 56 Mo. 189;  *Bonine v.  City of  Richmond*,
75 Mo. 437.   (4) Instructions six and seven asked by
appellant are not the law and were properly refused.
The case was fully presented by the instructions given.
*Weisenberg v.  City of Appleton*, 26 Wis. 56.   (5) There
was abundance of evidence tending to prove the perma-
nency of the injury;  certainly enough to submit it to
the jury.   *Kelly v.  Railroad*, 70 Mo. 604.   The fourth
instruction for respondent was properly given. *Railroad
v.  Donahoe*, 70 Pa.  St.  119;  Whar. on Evid. 512;  Sedg-
wick on Measure of Damages [Ed. 1868], side page 104.
(6) The testimony of John Squires, Fannie Squires and
Sarah Squires, was competent.   "When questions as to
the condition of the mind are in issue there are many
things in the acts, deportment and appearance of the
party that create and fix a reliable judgment in the mind
of the witness, that cannot be conveyed by words,"
and that is the test.   Whar. on Evid. 512;  *Railroad
v.  Budlong*, 10 How. Prac. 283.   Declarations of pain
may be given in evidence. 1 Greenl. Ev. [8 Ed.] sec. 1021;
*Mattheson v.  Railroad*, 35 N.  Y.  487;  *Murphy v.
Railroad*, 66 Barbour, 125;  *Barker v.  Meriam*, 11
Allen, 322;  *Knight v. Smyth*, 57 Vt. 529, and authorities
cited.   Even though the party may testify (*Kennard*

*v. Barton*, 25 Me. 39), or whether it be at time of injury or after (*Quafs v. Railroad*, 48 Wis. 573, and 25 Minn. above cited ; 33 Am. Reports, 821, and note on page 829) ; the time refers to time of exclamation and not to injury. Citing *Lush v. McDaniel*, 13 Iredell, 485 ; *Rogers v. Crain*, 30 Texas, among others.  (7)  "Opinions of witnesses are never received when all the facts can be ascertained and made intelligible to the jury." *Clark v. Fisher*, 1 Paige Chan. 171 ; *Dewitt v. Bailey*, 9 N. Y. 392 ; *Jefferson v. Cotheal*, 7 Wendell, 72 ; *Whittier v. Town of Franklin*, 5 Am. Law Reg. [N. S.] 704.

HENRY, C. J.—This is an action against defendant for damages for an injury to plaintiff, alleged to have been occasioned by the neglect of defendant to keep its side walks in good repair, and in a secure and safe condition for the traveling public.   Plaintiff states that she was walking upon the sidewalk and without her fault, in consequence of defects in said sidewalk, was thrown to the ground and seriously injured.   The answer denied the material averments of the petition, and alleged that plaintiff's own carelessness and negligence were the occasion of her fall and injury.   Plaintiff had a judgment, from which this appeal is prosecuted.

On the trial of the cause, plaintiff introduced as witnesses physicians who had attended her, to testify to her injuries, from knowledge derived from her, and from an examination of her person, and of this defendant complains, relying upon *Gartside v. Ins. Co.*, 76 Mo. 446.   That case has been overruled.  *Groll v. Tower*, 85 Mo. 249.   The testimony was admissible.

Nor did the court err in admitting the testimony of Fannie Squires and John Squires, as to the condition of her health and her complaints of suffering, after the fall on the sidewalk. Mr. Greenleaf in his work on Evidence says :   " Whenever the bodily or mental feelings of an individual are material to be proved, the usual expres-

sions of such feelings, made at the time in question, are also original evidence." 1 Greenl. Evid., sec. 102. The testimony objected to related to the pain and suffering then experienced, indicating the present existence of pain, and had no reference to antecedent suffering, or pain, or its cause.

With regard to the permanency of the injury two physicians testified ; one that he "found an enlargement of the uterus at the fundus in the hollow of the sacrum, an injury to the mouth of the womb, it being turned forward," and "that, if the disease still exists, it is probable that it will never be entirely removed, still it may possibly be." The other, that "by a digital examination in May or June, 1882, he found that there was prolapsus between the first and second degree." The injury occurred in April, 1882. Dr. McLeod examined the patient in September, 1882. The contention of appellant is, that there was "a mere possible continuance of disability by reason of the injury," and that this is not a proper element of damages. We do not so understand the testimony. The *possibility* is the other way, not that she may labor under a permanent disability, but that it is possible that the disability may be removed. There was a *probability* of a permanent disability, and a bare possibility that the disability would not be permanent.

Nor did the court err in refusing the following instruction asked by defendant :

"3. The court instructs the jury that, although they may believe that the sidewalk was defective, yet the plaintiff cannot recover unless she has shown to the satisfaction of the jury by a preponderance of the testimony that the defect was so open and palpable as to be apparent and necessarily attract the attention of passers by."

It is the duty of the city, and not of "passers by," to notice defects in streets and sidewalks, and repair

them. It does not follow, because the defect is not of a character necessarily to attract the attention of "passers by," that the city, by the exercise of due care, would not have discovered it. The second instruction for plaintiff required the jury, before they could find for plaintiff, to find that the sidewalk had been in a defective condition for such a length of time as would have enabled defendant to discover it, by the use of ordinary care and caution. This correctly declared the law; and, if the city knew, or, by the exercise of reasonable care and caution, could have ascertained the defective condition of the sidewalk, it matters not that not one of a hundred persons passing over it noticed the defect. *Russell v. Town of Columbia*, 74 Mo. 480; *Bonine v. City of Richmond*, 75 Mo. 440.

On plaintiff's application a change of venue in the cause was awarded to Carroll county, the petition being sworn to, not by the plaintiff, as the law requires, but by her father, John Squires. No exception or objection seems to have been taken to the affidavit, or the order on the Livingston circuit court, but only in the Carroll circuit court on a motion in arrest of the judgment. If objection had been made in the Livingston court, it would, I think, have been error to grant the change of venue. But, "it ought to have been made where the petition was acted upon, and in the court required to act, and not held back to be made in the court to which the cause was removed. Such a course of practice ought not to be allowed, it answers no purpose of justice, and there is no reason for permitting it." *Potter v. Adams*, 24 Mo. 159; *State v. Knight*, 61 Mo. 374; *State v. Dodson*, 72 Mo. 284.

We have discovered no error which would justify a reversal of the judgment, and it is, therefore, affirmed. All concur.