THEODORE GARY ET AL., Appellants, v. PEARL D. AVERILL ET AL.; OSCAR FOWLER, Excepter.—12 S. W. (2d) 747.

Court en Banc, December 31, 1928.

*Edgar Shook* and *Ward & Reeves* for appellants.

*Charles G. Shepard, C. E. Bragg* and *McKay & Peal* for respondent.

844

GENTRY, J.—This appeal comes to us from the Circuit Court of Pemiscot County, where the plaintiffs, Theodore Gary, C. D. Mathews, Murray Carleton, and J. R. Davis, composing the State Highway Commission of Missouri, brought suit against several parties, defendants therein, asking that a strip of ground for road purposes be condemned, the same to constitute a part of State Highway No. 9. This highway extends from St. Louis to the Arkansas line. Three commissioners were appointed by the court, who qualified and in due time returned their report, assessing the damages for the various landowners. It seems that the other defendants were satisfied with the sums awarded them as damages, but defendant Oscar Fowler (referred to in the record and hereinafter referred to as the excepter) was not satisfied with the amount awarded him, three hundred dollars. Exceptions in proper form were filed by him, hence the trial in the circuit court.

In the petition plaintiff described the land as being located in Pemiscot County, Missouri, as follows:

"A parcel of land out of the northwest quarter of the southwest quarter of Section 16, Township 16, north, Range 11, east, being more particularly described as follows: from the southwest corner of the northwest quarter of the southwest quarter of said Section 16, thence east 25 feet to a point, said point being the place of beginning, thence north 38 degrees 30 minutes east 1698 feet to the north line of the northwest quarter of the southwest quarter of said Section 16, thence east 102 feet, thence south 38 degrees 30 minutes west 1698 feet, thence west 102 feet to the place of beginning. All being in the northwest quarter of the southwest quarter of Section 16, Township 16, north, Range 11, east, and containing 3.12 acres more or less, of which 0.04 acre is occupied by the present State Highway, and 3.08 acres are new right of way, and belonging to Oscar Fowler."

The balance of the petition was in the usual form and need not be recited here. From all this, it will be seen that the petition asked for the condemnation of a strip of ground across forty acres of land owned by excepter; and excepter, in his exceptions filed, asked for a review of the report of the commissioners allowing him three hundred dollars as damages to the forty acres; and he also asked for a trial of that question by a jury.

The quantity of land taken is conceded to be three and eight-hundredths acres, and it extends across plaintiff's forty diagonnally,

entering at the southwest corner and going in a straight line to a point a little west of the northeast corner, cutting said tract so as to leave a fraction more than eighteen acres on one side and a fraction less than eighteen acres on the other. The excepter's evidence tended to show that his land was worth one hundred and fifty dollars an acre, but that by the cutting of it by this highway its value diminished from one-third to one-half; while the plaintiff's evidence tended to show that the excepter's damages would not exceed three hundred dollars. The old county road was along the west and north sides of this forty acres and was a dirt road. The jury found in favor of the excepter, assessing his damages at seven hundred and forty dollars, and judgment was entered accordingly; from which judgment plaintiff duly appealed.

I. It is claimed by plaintiff that the trial court erred in excluding evidence offered in behalf of plaintiff, especially the testimony of the witnesses Bob Lee Smith, Dr. Warren Smith, A. J. Mathews and Everton Speers. We are precluded from passing on this question for the reason that when counsel for plaintiff questioned these witnesses, the court sustained excepter's objections thereto; whereupon plaintiff excepted without making any offer of proof. We, therefore, do not know what evidence plaintiff would have elicited from these witnesses. If plaintiff desired to present this question to this court for decision, an offer of proof should have been made, so that this court could then pass on the question of whether or not such evidence was admissible. [St. Louis v. Babcock, 156 Mo. l. c. 152.]

II. (a) It is also claimed that there was misconduct on the part of excepter's counsel during the trial, and that the trial court failed and refused to rebuke counsel for making insinuations and intimations regarding the State Highway Department. We are unable to pass on these questions for the reason that counsel for plaintiff, in the motion for new trial, failed to assign as error the alleged misconduct of excepter's counsel. Many times this court has said that all errors, alleged to have been committed during the progress of a trial, must be included in the motion for a new trial, thereby giving the trial court an opportunity to correct its own errors; and errors not so assigned are not subject to review. [Adams v. Kendrick, 321 Mo. 310.]

(b) It was competent for counsel for excepter to ask plaintiff's witness E. W. Shade and others regarding the execution of a bond by them, whereby they and others agreed to pay for the rights-of-way for this highway. It is always competent to show the interest of a party in the result of a case, either directly or indirectly, as affecting his credibility. [Koenig v. Railway Co., 173 Mo. l. c. 722; R. S. 1919, sec. 5410.]

III. (a) Counsel for plaintiff also claim that improper evidence was offered in behalf of excepter over plaintiff's objection, especially the evidence of excepter and the witness Walter Miller. From the record, we see that counsel for plaintiff objected to questions asked by excepter's counsel, without assigning any reason therefor. On the overruling of such objection, counsel saved an exception. This does not comply with the long established rule in this court that a party making an objection must, in fairness to the trial court and opposite party, state the ground of his objection. An objection without any reason therefor being assigned amounts to no objection at all, so far as this court is concerned. [Brennan v. City of St. Louis, 92 Mo. l. c. 488; Rice v. Waddill, 168 Mo. l. c. 120.]

(b) It was proper for excepter to offer in evidence a plat of his ground, showing the location of the state highway across it, and also showing the location of the old county road. The map was properly identified and, in fact, there was no controversy regarding its correctness. The jury were entitled to know the facts regarding the location of the state highway, the way in which it cut excepter's land and the location of the improvements on either side thereof. No reason can be seen why the map and the circumstances above detailed were not germane to the issue.

(c) Evidence was also properly admitted to show that prior to the construction of the state highway the county road, which was a dirt road, extended along the west and north sides of excepter's forty acres. All matters pertaining to the location of the ground in question, the width of the road, its direction and the location of other roads in the immediate vicinity were proper subjects for the consideration of the jury.

IV. As above stated, this is a proceeding to condemn three and eight-hundredths acres of land across the northwest quarter of the southwest quarter of Section 16, Township 16, Range 11, east, owned by excepter. By referring to the petition filed by plaintiff, it will be seen that this forty acres is twice described, and there is no mention whatever of any other land belonging to excepter. The issue, as thus presented, was

the amount of the damages sustained by exceptor by reason of the taking of this part of his forty-acre tract for road purposes, less the benefits that he would receive. The excepter was brought into court upon the issue thus made, and it would have been unfair to him to have been required to answer to a different cause of action. Had plaintiff desired to prove the special benefits to other land owned by excepter in the immediate neighborhood, some mention thereof should have been made in the petition, for such benefits "must affect the particular parcel or tract of land from which the taking was made; benefits to separate and independent parcels belonging to the same owner cannot be considered." [2 Nichols on Eminent Domain (2 Ed.) sec. 247; Garrett v. St. Louis, 25 Mo. 1. c. 512. See also Railroad v. Aubuchon, 199 Mo. 1. c. 371; Hickman v. Kansas City, 120 Mo. 1. c. 125; McElroy v. Railroad, 172 Mo. 1. c. 557-8.]

As a matter of procedure, it is well established that a party cannot sue upon one cause of action and recover on another. [Beave v. Transit Co., 212 Mo. 1. c. 352; Mark v. Cooperage Co., 204 Mo. 1. c. 261-2; Henry County v. Citizens Bank, 208 Mo. 1. c. 225-6.] "A party can only recover on the case he makes in his pleading." [Glass v. Gelvin, 80 Mo. 1. c. 302.] The issues as made by the petition cannot be enlarged, either by the introduction of evidence or the giving of instructions. [Scrivener v. Railroad, 260 Mo. 1. c. 432; 2 Thompson on Trials, sec. 2309.] The petition was not amended, and plaintiff did not ask leave to amend it. In view of the above authorities and especially in view of the pleadings, we must hold that the trial court committed no error in limiting the plaintiff to proof of special benefits to the forty acres in controversy, and in excluding evidence regarding the forty acres adjoining and owned by excepter.

V. (a) Counsel for plaintiff insists that error was committed in giving Instruction 1 for excepter, in that it assumes that the running of the road through excepter's land would damage it. This was not a disputed question, for plaintiff's witnesses testified to such damage and gave their opinion as to the amount of the damages, and plaintiff alleged in the petition that plaintiff and excepter could not agree on the amount of the damages, although they in good faith had endeavored to do so. It should be further stated that the commissioners made their return of the amount of damages to which the excepter was entitled, and no exceptions thereto were filed by plaintiff. Where a matter is conceded both before and at the trial, it is not error to base an instruction thereon. [Woodson v. Railroad, 224 Mo. 1. c. 697.] Where a case is tried on one theory, it must be considered by the higher court on the same theory; a party cannot change his position in the higher

court. [Ellis v. Railway, 234 Mo. l. c. 677; Finkelnburg on Mo. Appellate Prac., p. 154; Elliott on Appellate Prac., sec. 489.]

This instruction refers to the "whole tract," and for the use of those words plaintiff asks a reversal. As the only tract referred to in the petition and in the evidence of the various witnesses was the forty-acre tract, we cannot see how the jury was misled by the use of such an expression. If it was error, it was a harmless error not affecting the merits of the case, for which we cannot reverse a judgment. [R. S. 1919, sec. 1513.]

(b) Complaint is made that excepter's instructions numbered 2 and 4 were erroneous in telling the jury what should be taken into consideration in ascertaining the damages to excepter, the condition of his premises before the establishment of the road, the changed condition, etc. As these matters were set forth in instructions given on behalf of plaintiff, plaintiff cannot now complain, for many times we have said that when both parties present the same issue to the jury by their instructions, neither party can complain; for if error was committed, it was common to both parties, and therefore not reversible. [Von Eime v. Fuchs, 8 S. W. (2d) l. c. 827; Smart v. Kansas City, 208 Mo. l. c. 204.]

(c) Instruction 5 told the jury that the State Highway Department had the right to take plaintiff's ground and pay into court the amount awarded him by the commissioners, and that excepter had the right to take the money awarded him by the commissioners pending the trial without in any way prejudicing his rights in the trial. No objection can be seen to this instruction, especially as to facts that were brought out during the trial that the commissioners had awarded him three hundred dollars, that the ground had been taken by the State Highway Department, and that excepter had accepted the money that was paid into court. We can readily see how ingenious counsel, in the argument of the case, could refer to this in such a way as to prejudice the rights of excepter; hence, the court was justified in explaining the matter to the jury as it did.

The evidence was conflicting, but there was sufficient, if believed by the jury, to justify the verdict; this court cannot pass on the weight of the evidence.

The judgment is affirmed. All concur.