STATE EX REL. STATE HIGHWAY COMMISSION, Relator, v. GEORGE F. HAID, WILLIAM DEE BECKER and SIMON G. NIPPER, Judges of the St. Louis Court of Appeals.—59 S. W. (2d) 1057.

Court en Banc, April 19, 1933.

*John W. Mather* and *John C. Collet* for relator.

608

*Spradling & Dalton* and *Ward & Reeves* for respondent.

FRANK, J.—This case comes to the writer on reassignment. It is a certiorari proceeding in which relator seeks to quash an opinion

of the St. Louis Court of Appeals in a case brought by the State Highway Commission against George H. Carothers and others, to condemn a right-of-way through defendants' land for Highway No. 61. The trial resulted in a verdict and judgment in favor of defendants for $7,000. That judgment was affirmed by the St. Louis Court of Appeals, and relator is here seeking to quash the opinion of the Court of Appeals on the alleged ground that it conflicts with certain rulings of this court.

Relator's first contention is that the approval of defendants' Instruction No. 1 by the Court of Appeals conflicts with the law as declared by this court in the following cases: K. C. Sub. Belt Ry. Co. v. K. C. St. L. & C. Ry. Co., 118 Mo. 599, 617, 24 S. W. 478; Wiggington v. Rule, 275 Mo. 412, 450, 205 S. W. 168; Bonine v. City of Richmond, 75 Mo. 437; Huffman v. Ackley, 34 Mo. 277.

▇ The opinion of the Court of Appeals sets out the substance of the instruction as follows:

"This instruction, in effect, told the jury that the State Highway Commission 'is authorized and has the right at law to condemn the strip of land in question, to be used as a part of the public road in question, through exceptors' farm, and can take the same in this proceeding without the consent and against the will of exceptors; but you are further instructed that said plaintiff is required to pay therefor the fair and reasonable damages to these exceptors for taking their land for public use as a right-of-way for the road in question, and it is in your province to determine said damages, if any, according to the law and rules as set out in other instructions in this case.'"

The complaint made against this instruction is that the part of the instruction which told the jury that plaintiff was "authorized and had a right to take defendants' land without their consent and against their will," is an abstract proposition of law and for that reason should not have been given. In each of the four cases cited by relator in an attempt to show conflict, the trial court refused to give an instruction containing an abstract proposition of law. We held in those cases that it was not error to refuse such an instruction, but we did not hold that it would be reversible error to give such an instruction. The doctrine of this court is that the giving of an abstract instruction will not constitute reversible error unless it appears that the complaining party has been prejudiced, or that the jury could have been misled thereby. [Kleinlein v. Foskin, 321 Mo. 887, 900, 13 S. W. (2d) 648, and cases cited.]

▇ The Highway Commission is the complaining party here. It is apparent that an instruction which told the jury that the Highway Commission had a lawful right to take the strip of land in ques-

tion without the consent and against the will of the owners, could not have possibly prejudiced or injured the commission. It would seem more reasonable to assume that an instruction informing the jury that the commission had a lawful right to take what it was attempting to take would have tended to help rather than harm the commission. Relator does not point to any decision of this court condemning an instruction similar to the one under consideration. On the contrary respondents cite cases which approve such an instruction. [St. Louis K. & N. W. Ry. Co. v. Knapp, Stout & Co., 160 Mo. 396, 61 S. W. 300; St. Louis K. & N. W. Ry. Co. v. St. Louis Union Stock Yards, 120 Mo. 541, 552, 25 S. W. 399; Railroad v. Kemper, 256 Mo. 279, 293, 166 S. W. 291; So. Ill. & Mo. Bridge Co. v. Stone, 194 Mo. 175, 182, 92 S. W. 475; Met. Street Ry. Co. v. Walsh, 197 Mo. 392, 398, 94 S. W. 860; Gary v. Averill, 321 Mo. 840, 12 S. W. (2d) 861.] We rule this contention against relator.

■ Relator next contends that the approval of defendants' Instruction No. 2 conflicts with the ruling of this court in Howell v. Jackson County, 262 Mo. 403, 171 S. W. 342.

The instruction reads as follows:

"The court instructs the jury that in assessing the just compensation and damages to be paid, you should allow exceptors the difference between the fair market value of exceptors' whole farm before and its fair market value after the appropriation by plaintiff of the strip of land mentioned in evidence, considering the uses to which the condemned land is to be applied; and to this amount, if any, you should add the reasonable and necessary costs to the exceptors in moving the house and barn and the side fences in question off of the right-of-way condemned.

"And in determining the compensation and damages, if any, to which exceptors are entitled, the jury should ascertain the amount and reasonable fair market value of the land actually taken, and the damage or decrease, if any, in the value of the remainder of exceptors' farm, as a whole, resulting from the taking of the right-of-way through said farm and the uses to which it is to be put, and the reasonable and necessary costs and expense to exceptors in removing the house and barn and side fences in question off of said right-of-way. The total amount found on account of these three items, less the amount of any special or peculiar benefits, if any, will be your verdict for the exceptors."

The first objection to this instruction is that it permitted the assessment of double damages. In the Howell case which relator cites in an attempt to show conflict, this court condemned an instruction which directed the jury to add the cost of fencing to the value of the land taken "and" to the damage to the land not taken. In condemning the instruction in that case, we said:

"The right doctrine is announced by Lewis (2 Lewis on Eminent Domain (3 Ed.) sec. 741), thus:

" 'Where, by taking a part of a tract, additional fencing will be rendered necessary in order to the reasonable use and enjoyment of the remainder, as it probably will be used in the future, and the burden of constructing such additional fence is cast upon the owner of the land; then the burden of constructing and maintaining such fence in so far as it depreciates the value of the land, is a proper element to be considered in estimating the damages. In some of the cases cited an allowance was made for the cost of fencing as a specific item, and the language of many of the decisions seems to warrant the same view. But this is clearly not correct, unless such an allowance is required by the statutes under which the proceedings are had. It is a question of damage to the land, as land. If, in view of the probable future use of the land, additional fencing will be necessary, of which the jury or commissioners are to judge, and the owner must construct the fence if he has it, then the land is depreciated in proportion to the expense of constructing and maintaining such fencing. Nothing can be allowed for fence, as fence. The allowance should be for the depreciation of the land in consequence of the burden thus cast upon it. Evidence of the cost of suitable fencing is competent as affording a means of arriving at the extent of the burden.' "

The ruling in the Howell case is that as the cost of building the fence was an element of the damage to the land, to add the cost of the fence to the damage to the land would amount to a double assessment of damages. This ruling has no application to the case at bar because of the radical difference in the facts of the two cases. In the Howell case the taking of the land necessitated the building and maintaining of additional fence in order to reasonably use the land not taken, and to that extent placed an additional burden on the remainder track, thereby depreciating its value in proportion to the cost of constructing and maintaining the fence. Necessarily then, the cost of building and maintaining the fence was one of the elements which went to make up the damage to the land not taken.

In the case at bar, the house, barn and fences being fixtures to the land condemned, would pass to the condemner unless there was an agreement between the parties that such fixtures would be reserved by the owner and not taken into consideration in the condemnation proceedings. [City of St. Louis v. Railway Co., 266 Mo. 694, 182 S. W. 750, 754.] Evidently such an agreement was made, because the opinion of the Court of Appeals states that the house, barn and fences were not condemned. Such a thing could not have happened except by agreement of the parties because the fixtures were a part of the realty and could not be separated therefrom ex-

cept by agreement. [The City of Kansas v. Morse, 105 Mo. 510, 519, 16 S. W. 893.] Absent an agreement between the parties, the Highway Department would have been required to pay for the fixtures and remove them from the highway at its own expense. But where, as here, by agreement between the parties, the landowners reserve the fixtures and remove them from the highway, the cost of such removal is governed by the agreement between the parties, either express or implied, and not by the law governing the assessment of damages in condemnation. In this situation the landowner could not recover the cost of removing the fixtures from the condemned land unless the agreement between the parties so provided. Whether or not the agreement did so provide is not an open question here. The trial court instructed the jury that the landowners were entitled to recover the cost of removing the fixtures in addition to the value of the land taken and the damages to the remainder tract. This was a good instruction if there was evidence upon which to base it. We must presume there was such evidence in the absence of a contrary showing. No such showing is made. We, therefore, hold that the approval of the instruction does not conflict with the ruling in Howell v. Jackson for the reason that the cost of the removal of the fixtures from the land condemned was not an element of the value of the land condemned or of the damages to the remainder tract.

■ Further contention is made that Instruction No. 2 is erroneous in that it assumes there was a net damage due defendants. It is claimed that the approval of this instruction by the Court of Appeals conflicts with the following cases: St. Louis K. C. & N. W. Ry. Co. v. St. Louis Union Stock Yards, 120 Mo. 541, 25 S. W. 399; Newby v. Platte County, 25 Mo. 258; Lingo v. Buford, 112 Mo. 149, 20 S. W. 459; and City of St. Joseph v. Geiwitz, 148 Mo. 210, 217, 49 S. W. 1000.

Such of the cited cases as are pertinent hold that an instruction in a condemnation proceeding should not assume that defendants' land was either benefited or damaged where such questions are controverted issues. These cases announce a well-settled rule of law. But it is equally well settled that it is not error for an instruction to assume a fact which is not controverted. [Gary v. Averill, 321 Mo. 840, 12 S. W. (2d) 748, 750, and cases cited.] It appears from the opinion of the Court of Appeals that defendants' right to at least some damages was not controverted. The amount of damages was the bone of contention. The opinion says:

"In the present case the testimony offered by the *plaintiff* was to the effect that the damages suffered ranged from a few hundred dollars up to $3,000 *after deducting the benefits;* while the testimony

of a large number of witnesses for the defendants put the damages at $8,860 to $10,925.''

Whether or not the instruction assumed there was a net damage due defendants is immaterial. If it did so, it would not be erroneous because that question was not controverted.

■ Relator contends that Instruction No. 2-A sets out in argumentative form evidentiary facts and does not define the issues. This instruction reads as follows:

''The court instructs the jury that in determining the damage to remainder of exceptors' farm, as a whole, that is the decrease, if any, in the market value of remainder of exceptors' land in consequence of the taking of part of said land for the road, you may take into consideration the manner and way the road goes through said farm; the divisions which it makes or the cutting up of said farm in different tracts and the shape of said tracts, the inconvenience, if any, it leaves said farm in getting from one part of the farm to another; and the reasonable costs of additional necessary fences and gates, if any; and generally all like matters mentioned in evidence, which owing to the location of the road affects the further uses and enjoyment of the farm as a whole, in so far as same affects the market value thereof.''

It is claimed the approval of this instruction conflicts with the rulings in the following cases: Smith v. Woodman of the World, 179 Mo. 119, 137, 77 S. W. 862; McFadin v. Catron, 120 Mo. 252, 254, 25 S. W. 506; K. C. Ry. Co. v. Couch, 187 S. W. 65. Each of the cited cases announce the well-settled rule that an instruction which gives undue prominence to certain facts in evidence and makes unwarranted comments thereon is erroneous. But the instruction under consideration is not subject to that criticism. This instruction advises the jury as to what elements, if any, they may consider in estimating the damages, but it does not call attention to nor comment on any fact or facts in evidence which might tend to prove or disprove any of the elements which the instruction advises the jury they may consider in estimating the damages. It is always proper to advise the jury by instructions what elements they may consider in estimating the damages claimed. Such an instruction does not amount to a comment on the evidence, nor give any part thereof undue prominence. Directing the jury's attention to the elements of damage is a different thing from calling attention to specific facts which tend to prove or disprove such elements. The approval of Instruction 2-A does not conflict with the cases cited. Moreover, like instructions have been approved by this court. [Kansas City & N. C. Ry. Co. v. Shoemaker, 160 Mo. 425, 433, 61 S. W. 205; Railroad v. Kemper, 256 Mo. 279, 295-6, 166 S. W. 291.]

■ Relator further contends that the Court of Appeals' approval of the definition of special benefits contained in defendants' Instruction No. 5 conflicts with rulings of this court in State ex rel. v. Jones, 321 Mo. 1154, 15 S. W. (2d) 338; State ex rel. v. Duncan, 323 Mo. 339, 19 S. W. (2d) 465; and State ex rel. v. Young, 324 Mo. 277, 23 S. W. (2d) 130.

The pertinent part of Instruction No. 5 reads as follows:

"By special and peculiar benefits are meant such benefits as are not common or general to other lands in the same community affected by said road improvement."

Our view is that defendants' Instruction No. 5 is in line with our ruling in the Jones, Duncan and Young cases. In the Duncan case the following instructions were held to state the correct rule.

"By special and peculiar benefits is not meant the benefits which the defendant derives in common with other landowners generally in the vicinity upon the location and construction of said highway, but such benefits as will be enjoyed by the defendant which are not also enjoyed by other lands generally in the neighborhood. . . .

"The court instructs the jury that by peculiar benefits are meant such benefits, if there are any, as said tract derives from the location of plaintiff's road through it and as are not common to other lands generally in the same neighborhood through which said road does run."

While the instruction under consideration in this case differs slightly in phraseology from the instructions approved in the Duncan case it, in effect, states the same rule. Relator's contention is that in defendants' Instruction No. 5 the word "general" which precedes the words "to other lands" should have followed such words as it does in the instructions approved in the Duncan case. Otherwise stated the contention is that the words "such benefits as are not common or general to other lands in the same community" does not mean the same as the words "such benefits as are not common to other lands generally in the same community." We do not agree to the contention. Had the words "general" or "generally" not been used in either instruction, the words "benefits not in common to other lands in the community" mean benefits which all the lands in the community do not enjoy to some degree. We find no conflict.

Relator's final contention is that the holding of the Court of Appeals that evidence of like benefits to other lands on the highway was proper in determining whether the benefits to the defendants' farm were general or special conflicts with our ruling in the Jones, Duncan and Young cases heretofore cited.

A sufficient answer to this contention is that the Court of Appeals did not so hold.

For reasons stated, our writ was improvidently issued and should be quashed. It is so ordered. All concur, except *Leedy, J.*, not sitting.