MILTON PANDJIRIS v. OLIVER CADILLAC COMPANY, a Corporation, Appellant.—98 S. W. (2d) 978.

Division One, November 12, 1936.

*Fred H. Blades, Moser, Marsalek & Dearing* and *Wm. H. Allen* for appellant.

728

*Walter Wehrle, Harvey B. Cox* and *Foristel, Mudd, Blair & Habenicht* for respondent.

HAYS, J.—The plaintiff's wife, Verda Pandjiris, while on a public sidewalk in St. Louis in front of an abutting building owned by and in the exclusive possession and control of the defendant Oliver Cadillac Company, was struck by a brick out of the wall of said building, which fell from an upper floor thereof, causing injuries to her resulting in loss and injury to him, as her husband, for which he brought this suit to recover damages in the Circuit Court of St. Louis County. The trial resulted in a verdict and judgment in his favor for $22,191, and the defendant took this appeal.

In an action brought by the plaintiff's wife for damages for the injuries she sustained in that casualty she recovered a judgment for $30,000 from which defendant brought an appeal to this court. That case, Verda Pandjiris, respondent, v. Oliver Cadillac Company, a corporation, appellant, 339 Mo. 711, 98 S. W. (2d) 969, is decided concurrently with this one and may well, for the sake of brevity, be taken as the background for our consideration of the instant case; it is largely determinative of the question of legal liability, and should be read in connection with this opinion.

The grounds of error here assigned are (1) to the refusal of the demurrer offered at the close of the case, (2) to the giving of plaintiff's Instruction No. 1, and (3) to the amount of the verdict as being grossly excessive and indicative of passion and prejudice.

As to the first contention we make the same ruling as was made on a similar contention in the companion case.

Before taking up the instruction it is well to set out evidence additional to what is stated in the wife's case and bearing specially upon the issue of the husband's indirect injuries upon which this action is based. The substance of this additional evidence follows: Since the injury she is not herself at all. She always wanted to talk before and was rather talkative and liked to have friends. Now she is silent and sad. wants to be alone. walks nervously about, and cannot get her mind on anything. She has lost interest in everything she and her husband enjoyed before. Her nights are restless. She just does not want to go any place or mingle with her and her husband's friends. From an affectionate and passionate wife she changed immediately

to the contrary and is unable to perform any wifely function. She has lost her art of piano playing, and has grown obese from inability to safely exercise. She tries to be her former self, but cannot amend her unfortunate condition. "She is as good as she is going to be," said Dr. Funsch, her attending physician; "she will never get better, though she may get worse." She has never been able and is not now able to do housework.

It was shown and not disputed that the items of expense to plaintiff for his wife's medical bills, hospital, nurses and X-rays amounted to $2191.

Plaintiff's Instruction No. 1 hypothesized all the elements which prima facie showed defendant's negligence and liability for the casualty which produced plaintiff's injury, and upon the jury's finding of which a verdict for the plaintiff was authorized. It is apparent that this instruction omitted to require a finding that plaintiff suffered loss and damages resulting from the wife's injuries, an essential element of plaintiff's right to recover. The rule is well settled that an instruction which omits an essential element of plaintiff's right, and yet authorizes a verdict for plaintiff, constitutes error. [State ex rel. Lusk v. Ellison et al., 271 Mo. 463, 196 S. W. 1088; Alexander v. K. C. Rys. Co. (Mo. App.), 231 S. W. 66, 68; Hopkins v. M. & O. Railroad Co. (Mo. App.), 33 S. W. (2d) 1009, 1010-1011.]

The respondent admitting that said instruction, standing alone, is technically erroneous for failure to require such an express finding as to that omitted element, insists that this element is supplied by another instruction given for plaintiff, No. 5, which in substance told the jury that if they should find the matters hypothesized for plaintiff in Instruction No. 1, then they should award him such sum in their verdict as they might find would reasonably compensate him for any direct loss sustained by him as the result of bodily injuries to his said wife in the following particulars, to-wit:

"For any impairment which plaintiff's said wife has sustained, if any you find, or which will result in the future, if any, as a direct result of her injuries, of her ability to perform her ordinary domestic and household duties as plaintiff's wife; for the loss, if any, of the society and companionship of his said wife, if any, sustained by the plaintiff by reason of her bodily injuries or any such loss, if any, you believe plaintiff will sustain in the future, as a direct result of her said injuries; for all expense, if any, incurred by the plaintiff for hospital bills and nurse hire in the necessary treatment and cure of his said wife, directly resulting from her said injuries, if any, not to exceed as to these items, however, the sum of $800 00; for any medical services, if any, necessary in the treatment and cure of her injuries incurred by the plaintiff, not to exceed as to this item the sum of $1,391.00, and then award plaintiff such sum as will reasonably com-

pensate him for his loss and expense, if any, incurred in the particulars hereinabove set out."

We think the rule above stated is not violated in this instance when these two instructions are considered and read together, as they should be. "The two instructions taken together define, somewhat awkwardly but correctly, the duty of the jury." [State ex rel. Ambrose v. Trimble (en banc), 304 Mo. 533, 1. c. 539, 263 S. W. 840.] On principle and in its reasoning that case so decided with respect to instructions analogous to these.

As further indicating that the jury properly understood the issues they were to determine in assessing damages, respondent directs attention to other circumstances, namely: the defendant introduced in evidence the petition in the wife's case showing that she claimed damages for her own injuries; and obtained an instruction specifically directing the jury, in reaching their verdict, not to consider the injury and damage accruing to the husband from the wife's injury. And in the present case the jury were instructed at the instance of the defendant that in the event they should find for plaintiff they could not, in assessing the damages, take into consideration the claim the wife individually might have, or any loss she herself sustained, and that the plaintiff husband "is confined in his recovery to those items specified in Instruction No. 5." There was no evidence refuting plaintiff's evidence relative to necessary expenditures in his wife's behalf, and it was not seriously disputed that he sustained loss in respect of services and consortium due to his wife's altered condition. In view of what has been said above it follows that the error in Instruction No. 1 does not require a reversal of the judgment.

Respondent urges that the verdict is not excessive in amount as compared with that in Homan v. Mo. Pac. Ry. Co., 335 Mo. 30, 70 S. W. (2d) 869, where a verdict for $20,000 obtained by a husband for his loss of services and consortium due to his wife's injuries, and for his expenditures of $700, was reduced by this court to $12,500. That was an unusual case. So is this. Though in the case at bar the injury was hardly so great as in the cited case, the outlay herein was greater than therein. We are cited to various other authorities by the respective counsel but to none giving any more substantial aid than those we cited in the opinion in the companion case referred to.

We are of opinion the verdict is considerably excessive as regards the overplus beyond $2191 for sums laid out. We think this overplus should be pared down to $10,000, which is in the same proportion as was the *remittitur* ordered in the wife's case. It is our conclusion that if the respondent will within ten days from the filing of this opinion remit $10,000 as of the date of the judgment below, the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded.

All concur.