STATE OF MISSOURI at the relation of DON FOURCADE, Relator, v. HOPKINS B. SHAIN, ROBERT M. REYNOLDS and EWING C. BLAND, Judges of the Kansas City Court of Appeals.—119 S. W. (2d) 788.

Division One, September 17, 1938.*

*NOTE: Opinion filed at the May Term, 1938, May 26, 1938; motion for rehearing filed; motion overruled at September Term, September 17, 1938.

Price Wickersham for relator.

*George Kingsley* and *John J. Cosgrove* for respondents.

HYDE, C.—This case, recently reassigned to the writer, is a proceeding in certiorari seeking to quash the opinion of the Kansas City Court of Appeals in the case of Fourcade v. Kansas City (Mo. App.), 107 S. W. (2d) 953. Relator, as plaintiff therein, obtained judgment for $7500 damages for loss of his wife's services. The Court of Ap-

peals held that plaintiff's main instruction was erroneous and reversed and remanded the cause.

Relator claims conflict between this opinion of the Court of Appeals and the decision of this court in Pandjiris v. Oliver Cadillac Co., 339 Mo. 726, 98 S. W. (2d) 978. Respondent's brief here admits this conflict. The Court of Appeals refused to follow the Pandjiris case because it found the opinion therein (in Division No. 1) "in direct conflict with State ex rel. Long v. Ellison, 272 Mo. 571, 199 S. W. 984, which is an opinion en Banc," and also with State ex rel. Ambrose v. Trimble, 304 Mo. 533, 263 S. W. 840, also en Banc. The specific error which the Court of Appeals found in plaintiff's main instruction was that "nowhere therein is there any requirement for a finding by the jury of the elements necessary to be found with respect to the husband's injury and damage." The court stated the rule of the two Banc cases, above cited, to be that "an instruction covering the whole case, which leaves out essential elements and directs a verdict, cannot be cured by another instruction." This is, of course, a correct statement of a very firmly settled rule, which is recognized and stated in the Pandjiris case. [For discussion of cases see McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S. W. (2d) 37.] The question here is whether or not the Pandjiris case departs from this rule.

In this case, the Court of Appeals made the following statements, concerning the facts: "So far as this review is concerned the negligence of defendant is admitted, and the fact that defendant's wife received such injury as she did receive as a direct result of the alleged negligence also stands admitted. . . . It will suffice to state that the wife of plaintiff was injured by reason of a fall occasioned by the negligence of the respondent in permitting to remain in the sidewalk a defective lid over a manhole, and that this is a suit by the husband and only involves such damages as are shown to have accrued to the husband as a result of his wife's injuries. . . . It appears that there is no controversy that the plaintiff was damaged by the injuries to his wife."

In the Pandjiris case, this court said that plaintiff's main instruction, authorizing a verdict, "standing alone, is technically erroneous" because it "omitted to require a finding that plaintiff suffered loss and damages resulting from the wife's injuries." This court, however, pointed out that plaintiff's instruction on the measure of damages correctly stated the elements of damage for which plaintiff was entitled to recover; and (quoting from State ex rel. Ambrose v. Trimble, supra) said: " 'The two instructions taken together define, somewhat awkwardly but correctly, the duty of the jury.' " It is true, as the Court of Appeals noted, that in the Ambrose case it was said that the instruction referred to "does not authorize a verdict." However, this court did not in the Pandjiris case base its ruling (that

the omission of the requirement to find that the husband was damaged by his wife's injuries, from instruction therein discussed, did not constitute reversible error) solely upon the ground that a measure of damages instruction could cure an essential omission from the main instruction, even if what was said is susceptible of that construction.

This court, in the Pandjiris case, further stated and ruled, as follows:

"As further indicating that the jury properly understood the issues they were to determine in assessing damages, respondent directs attention to other circumstances, namely, the defendant introduced in evidence the petition in the wife's case showing that she claimed damages for her own injuries, and obtained an instruction specifically directing the jury, in reaching their verdict, not to consider the injury and damage accruing to the husband from the wife's injury. And in the present case the jury were instructed at the instance of the defendant that in the event they should find for plaintiff they could not, in assessing the damages, take into consideration the claim the wife individually might have, or any loss she herself sustained, and that the plaintiff husband 'is confined in his recovery to those items specified in Instruction No. 5.' There was no evidence refuting plaintiff's evidence relative to necessary expenditures in his wife's behalf, and *it was not seriously disputed that he sustained loss* in respect of services and consortium due to his wife's altered condition. In view of what has been said above, it follows that the error in Instruction No. 1 does not require a reversal of the judgment."

What is said in the last two sentences, above quoted, was sufficient basis for the decision that the instruction was not prejudicial error in view of all the circumstances. This meant that the submission, without any requirement in the main instruction to find that the husband was damaged by the injury of his wife, should not be held to be reversible error *if there is no real dispute about the fact that there was some loss* of services and some necessary medical expenditures, when there was a correct detailed measure of damages instruction. In other words, if the whole submission makes it clear to the jury that the husband is only entitled to recover for correctly stated elements of his own loss, and not for the damage his wife sustained from her injuries, and if there is no real issue as to whether the husband did sustain some loss, then it is not reversible error for the main instruction to omit a finding to that effect. Of course, if there was an actual issue as to whether the husband did suffer some loss such omission would be prejudicial. When it is admitted, as here, that *plaintiff's wife was injured*, and *"there is no controversy that the plaintiff was damaged* by the injuries to his wife," then the rule of the Pandjiris case should be followed, at least, when there is correct submission upon the measure of damages making clear the elements of

plaintiff's damage. The measure of damages instruction does not cure this omission but it makes the whole submission correct so that the jury could not be misled or confused by requiring no finding of this uncontroverted element of plaintiff's recovery. This omission becomes immaterial in such a situation because the case then falls within the exception to the rule, stated in the Banc cases cited, as recognized and well stated in respondent's brief (and that is the effect of the ruling in the Pandjiris case), namely: "Where, by admissions in pleadings or admissions in the trial of a case, or by evidence which corroborates the evidence of the opposite party, or where by examination of witnesses it is unmistakably apparent that certain facts are conceded, then, of course, such facts are no longer at issue and should not be required to be submitted in an instruction." [See, also, Morris v. Equitable Assur. Soc. of U. S., 340 Mo., 709, 102 S. W. (2d) 569 (Div. 2); Byrnes v. Poplar Bluff Printing Co. (Mo.), 74 S. W. (2d) 20 (Div. 1); Hill v. St. Louis Pub. Serv. Co. (Mo.), 64 S. W. (2d) 633 (Div. 1); State ex rel. State Highway Commission of Mo. v. Haid, 332 Mo. 606, 59 S. W. (2d) 1057 (En Banc); Miller v. Collins, 328 Mo. 313, 40 S. W. (2d) 1062 (Div. 2); Bowers v. K. C. P. S. Co., 328 Mo. 770, 41 S. W. (2d) 810 (Div. 1); Keyes v. C., B. & Q. Railroad Co., 326 Mo. 236, 31 S. W. (2d) 50 (Div. 1); Gary v. Averill, 321 Mo. 840, 12 S. W. (2d) 747 (En Banc); Koenig v. K. C. Rys. Co. (Mo.), 243 S. W. 118 (Div. 1); Davidson v. St. Louis Transit Co., 211 Mo. 320, 109 S. W. 583 (En Banc); see, also, Sec. 1062, R. S. 1929.] [3] We hold that the finding of the Court of Appeals, that there was no controversy as to this omitted issue, made the situation herein substantially the same as the one involved in the Pandjiris case, and that decision should have been followed.

It is ordered that the record and opinion of the Kansas City Court of Appeals, in the case of Fourcade v. Kansas City, be quashed. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.