John F. GOOCH, Respondent,

v.

AVSCO, INCORPORATED, and Robert L. Fetters, Appellants.

No. 47884.

Supreme Court of Missouri, Division No. 1.

Nov. 14, 1960.

Rehearing Denied Dec. 12, 1960.

Robert E. Coleberd, Hale, Coleberd, Kincaid & Waters, Liberty, for appellants.

Stephen R. Pratt, Thomas E. Hudson, Hudson, Cavanaugh & Fox, by Thomas E. Hudson, Kansas City, for respondent.

COIL, Commissioner.

Mrs. Gooch, respondent's wife, was a passenger in an automobile being operated north over the ASB Bridge in Kansas City when that car was struck by an automobile driven by appellant Robert L. Fetters as the agent of appellant Avsco, Incorporated. See Gooch v. Avsco, Inc., Mo., 337 S.W.2d 245, for a statement of the circumstances of the accident. We shall hereinafter refer to the parties as they were designated in the trial court. Plaintiff sought damages allegedly accruing to him as a result of his wife's injuries and defendants (prior to January 1, 1960) have appealed from a judgment for plaintiff in the sum of $13,500.

Defendants contend that the trial court erred in refusing to discharge the jury panel as a result of inquiries by plaintiff's counsel on voir dire. The record shows the following questions and answers during the examination of the panel:

"Q. Is there any member of the jury panel who is a stockholder in the Central Surety and Insurance Company? Is there any member of the jury panel who either works for the Central Surety and Insurance Company or any of your relatives employed by the Central Surety and Insurance Company? Is there any member of the jury panel who has a policy issued by the Central Surety and Insurance Company? I take from your silence that none of you have. Is there any member of the jury panel that has ever been a defendant in a law suit or been sued for damages arising out of an automobile accident? Thank you. Has any member ever been involved in an automobile accident? Well, we'll start down the list then. Yes, sir, what is your name?

\*     \*     \*     \*     \*     \*

"Q. Is there any member of the jury panel or any of your immediate family that is a claim adjuster or handles claims or investigations for any insurance companies? Any claims whatsoever? A. Yes, sir. I'm a sales representative for the Farmers' Insurance Group.

"Q. Sales representative for Farmers'. What is your name, sir? A. Groner.

"Q. Where do you live, sir? A. 4925 North Lawn, Kansas City, North.

"Q. Okay. Anyone else on the jury panel or your family?"

Defendants' counsel objected to the question pertaining to claim adjusters and moved for a discharge of the panel on the ground that the inquiry as to whether a panel member or one in his family was a claim adjuster for any insurance company was improper in that it unnecessarily and prejudicially injected insurance into the case. Defendants here argue that while the questions as to the panel members' connections with the named insurance company was proper, to later revive the word "insurance" by a question as to whether they or members of their families adjusted claims for any insurance company, was prejudicial and that the failure of the court to discharge the panel constituted reversible error.

■ It is, of course, proper on voir dire to ascertain what connection, if any, prospective jurors have with an insurance company which is interested in the defense of the case on trial, provided pertinent inquiries are properly made for the purpose of determining the qualifications of prospective jurors. Dooley v. Dooley, Mo. App., 290 S.W.2d 856, 857 [1]. And it is within the province of the trial judge to reasonably circumscribe the voir dire inquiry in that respect by limiting the number of questions and imposing other curbs on the nature of the examination. While it was undoubtedly proper on voir dire to determine whether any member of the panel was employed as a claims investigator or adjuster, it perhaps would have been desirable to have inquired generally rather than to have limited the question to insurance company adjusters. It seems apparent,

however, that the adjuster question as asked could not have injected the matter of insurance any more surely into the case than had been done by the three prior questions which defendants concede were proper and to which no objection was made. In any event, the record heretofore set forth makes it clear that the trial court did not abuse its discretion in refusing to discharge the panel. Haley v. Edwards, Mo., 276 S.W.2d 153, 160 [4–6].

Defendants contend that the trial court erred in giving instruction 1. That instruction hypothesized the manner in which the accident occurred and directed a verdict for the plaintiff if the jury found that defendant Fetters negligently drove his automobile into the rear of the vehicle in which plaintiff's wife was riding and that as a direct result plaintiff's wife was injured.

■ Defendants argue that the instruction was erroneous because it failed to hypothesize an essential element of plaintiff's right to recover, viz., that plaintiff sustained loss and damage resulting from his wife's injuries. Defendants point out the general rule that an instruction which purports to cover the whole case and authorizes a verdict is erroneous if it fails to hypothesize an essential fact, and that such error is not cured by another instruction which correctly requires the finding of the omitted essential fact. McDaniel v. McDaniel, Mo., 305 S.W.2d 461; 467 [6, 7]. Defendants, however, overlook the fact that the well-established general rule noted above does not require reversal where, as here, a verdict-directing instruction in a husband's action to recover damages resulting from injury to his wife required the jury to find that plaintiff's wife was injured and where, as here, plaintiff's damage instruction authorized the jury to assess damages only in the event that it found that plaintiff had incurred expenses and had sustained loss on account of his wife's injuries, and where, as here, there was no evidence adduced controverting plaintiff's evidence as to his damage resulting from his wife's injury. In Hausherr v. Kansas City Public

Service Co., Mo.App., 268 S.W.2d 433, 438, a case involving the precise question being presently considered, the court correctly said: "This identical question was fully discussed by the Supreme Court in Pandjiris v. Oliver Cadillac Co., 339 Mo. 726, 98 S.W. 2d 978, and State ex rel. Fourcade v. Shain, 342 Mo. 1190, 119 S.W.2d 788. The effect of the holding in those two cases is that a submission such as is contained in Instruction No. 1 is *technically erroneous*. Nevertheless, it may not be reversible error if there is no evidence refuting plaintiff's evidence relative to his damage from the loss of services and consortium due to his wife's injuries and if other instructions properly define his damages."

In the present case there was no evidence refuting plaintiff's evidence relative to his damage due to his wife's injuries and instruction 2 properly defined his damages. Thus, plaintiff's erroneous instruction 1 does not require a reversal of the judgment.

Defendants contend that plaintiff's instruction 2 was erroneous for various stated reasons. That instruction was: "The Court instructs the jury that if you find for the plaintiff, you will assess his damages at such sum as you believe from the evidence will be a fair compensation to plaintiff for any expense he has incurred if so, as doctor and hospital bills on account of the injuries to his wife, if any, and also for such expense, if any, as he has incurred, if so, for medicines and appliances made necessary for such injuries, if any, and also for such expense as he incurred if so, for domestic help, if any, and also for such loss of assistance, services, society, comfort, and consortium of his said wife, if any, sustained as a result of said injuries, and for future loss of assistance, services, society, comfort and consortium of his said wife, if any, which the jury believes from the evidence will in all reasonable probability be occasioned to plaintiff as a direct result of the injuries to his said wife, if so."

■ Defendants say the foregoing instruction permitted the jury to consider ex-

penses incurred for surgical appliances and for domestic help when those elements of damage were not pleaded and, consequently, the instruction was erroneous because not within the issues made by the pleadings. The transcript shows, however, that the evidence pertaining to expenses incurred for appliances and domestic help came in without any objection that such evidence was beyond the scope of the issues made by the pleadings. Consequently, the pleadings will be considered to have been amended to conform to the evidence. Section 509.-500 RSMo 1949, V.A.M.S.; Civil Rule 55.-54, V.A.M.R.

■ Defendants argue also that instruction 2 permitted the jury to take into account expenses incurred "for medicines" when there was no substantial evidence that any expense was incurred therefor. It is true that plaintiff's evidence with respect to the amount of money spent for medicines is not as clear and definite as it should have been, but, in any event, there was definite evidence that plaintiff had paid on one occasion either $4.57 or $4.59 for medicine for his wife. Consequently, even if there was no other proof sufficiently definite, the evidence noted constituted substantial evidence supporting the portion of instruction 2 which permitted the jury to assess plaintiff's damages at a sum that would fairly compensate him for expense he had incurred, if any, for medicines.

■ Instruction 2 permitted the jury to award plaintiff damages for future loss of assistance, services, society, comfort, and consortium which the jury believed from the evidence would in all reasonable probability occur as a direct result of the injuries to his wife. Defendants say there was no evidence "of a reasonable certainty of future loss of services." Plaintiff's medical evidence was to the effect that the injuries to his wife, consisting of a whiplash injury to her back causing a herniated or degenerated disc which was removed, had resulted in a permanent disability which would affect her future ability to perform

housework and her "wifely duties and obligations." That testimony was substantial evidence supporting a reasonable finding that plaintiff would sustain "future loss of services." Massey v. Berlo Vending Co., Mo., 329 S.W.2d 772, 777 [6].

■ Defendants' final contention is that the verdict and judgment are excessive. The evidence tended to show that plaintiff's wife, 40 at trial time, had been in good health and in good physical condition prior to the accident; that she had been a good housekeeper, cook, and seamstress; that she frequently had gone on fishing and hunting trips with her husband and had often attended dances with him; that as a result of the accident she was unable to longer engage in those activities and had become slightly stooped in appearance and slow of gait. The evidence tended to show further that immediately after the accident Mrs. Gooch was taken to the DiRenna Clinic where she was examined and given medication and that she had remained under treatment at the clinic from the time of the accident, October 23, 1957, until August or September 1958; that she had suffered headaches, pain in her shoulders, hips, lower back, and left leg; that at trial time she continued to suffer pain and disability in her lower and upper back and left leg, and continued to have severe headaches; that she had taken medicine daily since the accident.

The evidence showed further that in addition to the medical care she received at the mentioned clinic she was under the care of an orthopedist from March 1958; that he prescribed hospitalization and, as a result, she was hospitalized on April 1 for ten days where her neck and both legs were placed in traction and she was given X-ray therapy in addition to having a myelogram performed to aid in determining whether she had suffered a herniated disc. The orthopedist later sent her to a neurosurgeon who recommended back surgery and, on December 24, 1958, she was again hospitalized for a period of ten days and a

laminectomy was performed and a herniated disc which was pressing on a nerve was removed from the space between the fourth and fifth lumbar vertebrae. Plaintiff's medical testimony was, as noted heretofore, that Mrs. Gooch was disabled at trial time in a manner which affected "her ability to perform housework" and to perform "her wifely duties and obligations," and that such disability was permanent.

The evidence tended to show further that prior to the accident plaintiff's wife had done all the housework without the assistance of domestic help but since the accident and up to the first week in February 1958 plaintiff employed full-time domestic help; that since February 1958 he had employed occasional domestic help and that plaintiff had done much of the housework. Plaintiff had paid all of the expenses for doctors, hospitals, medicines, appliances, and for domestic help which, without taking into account any expense for medicines, was an amount in excess of $2,250.

Defendants point out that in Mrs. Gooch's case to recover damages, the verdict was $12,000, Gooch v. Avsco, supra, and argue that, therefore, "under the rule of reasonable uniformity," the present verdict is excessive. It is apparent, however, that the rule of uniformity has no application to verdicts in dissimilar cases; it applies only to verdicts in like cases, i. e., in which the injury and other items of damage are somewhat similar and reasonably comparable. The fact that one jury awarded a wife less for her injuries than another jury awarded the husband in his separate action for expenses and for loss of services and society of his wife, does not, standing alone, tend to substantiate the contention that the husband's verdict and judgment are excessive.

Two of the cases defendants have cited to sustain their contention that the present judgment is excessive held only that the verdicts in those particular cases were not excessive. Defendants' other case, also cited by plaintiff, Pandjiris v. Oliver Cadillac Co., 339 Mo. 726, 98 S.W.2d 978, was decided in 1936, and this court required a remittitur of $10,000 from a $22,191 verdict. There the husband's expenses amounted to $2,191 and the wife's injuries as disclosed by the opinions in the Pandjiris case, supra, and in the wife's case, Pandjiris v. Oliver Cadillac Co., 339 Mo. 711, 98 S.W.2d 969, while perhaps more serious than Mrs. Gooch's injuries, are in their effect upon her husband's damage, fairly comparable. Certainly that case is authority for the proposition that we should not hold the jury's verdict in this case excessive. And see again Massey v. Berlo Vending Co., supra, 329 S.W.2d 778 [8].

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur except DALTON, J., who concurs in result.