**Eddy WISE, (Plaintiff) Respondent,**

v.

**ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, (Defendant) Appellant.**

No. 30731.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

Motion to Quash and Set Aside Opinion or for Rehearing or Transfer to Supreme Court Denied Oct. 17, 1961.

V. James Ruddy, St. Louis, for appellant.

Morris A. Shenker, St. Louis, John E. Bardgett, Clayton, for respondent.

WOLFE, Judge.

This is an action for damages arising out of a loss to the plaintiff of his wife's serv-

ices and consortium. This loss was brought about by injuries that his wife sustained when she fell in a street car owned and operated by the defendant. The trial was to a jury, which returned a verdict for $12,000 in favor of the plaintiff. The court, in passing upon defendant's motion for a new trial, ordered a remittitur of $5,000. The plaintiff complied with the order, and a judgment for $7,000 in favor of the plaintiff and against the defendant was entered. The defendant prosecutes this appeal.

At the time of trial the plaintiff was a man thirty years of age and was employed as a garbage collector by the City of St. Louis. He had been married to Aretha Wise for eight years, and they had two children, one three years of age and the other one year old. On October 3, 1956 plaintiff returned home from work early because it was raining. His wife was not there when he returned. He knew that she had planned to go to a hospital clinic that day. She was in her last month of pregnancy. He went to the clinic to find out why she had not returned home and learned that she had been taken to the City Hospital to be treated for an accidental injury.

The plaintiff's wife, Aretha Wise, on her way to the clinic, had boarded one of the defendant's street cars at Grand and Pine. As the car approached Park Avenue, Mrs. Wise sounded the buzzer to indicate her desire to get off. She arose from her seat, which was to the rear of the center door of the street car, and walked toward the door. As she did so the car gave two sudden and unusual "jerks", which caused her to fall. Mrs. Wise was taken from the street car to the City Hospital. She remained in the City Hospital for two days, and for four days thereafter she was treated at home by her family physician. She was returned to the hospital after the four days at home for the delivery of her baby. She suffered, as a result of the fall, a ruptured intervertebral disc in the lumbo-sacral area. There was a rigidity of muscles in that area, and her right thigh is smaller by an inch than the left thigh. She walks with a limp, using

a cane. There was medical testimony that surgery might relieve the condition.

Before the injury Mrs. Wise did all of her own housework. Since then she has been unable to do the washing, ironing, cleaning, mopping, making the beds, and the cooking, all of which she did before. Since the accident her husband, the plaintiff, has done all of this work, in addition to bathing the children and putting them to bed. He is also obliged to help his wife into and out of the bathtub. The plaintiff had incurred hospital, doctor and medical bills at the time of the trial amounting to $819 and an additional expense of $20 for a back brace.

The operator of the defendant's car testified on behalf of the defendant that there was no unusual motion or jerk or jolt of the street car. He said there was no emergency stop, and that the first he knew of Mrs. Wise's fall was when someone told him that a woman had fallen. A passenger also testifying for the defendant stated that there was no unusual motion or jerk of the street car.

The first point raised by the defendant-appellant is that the court erred in refusing to give a burden of proof instruction offered by the defendant. The instruction is as follows:

"The Court instructs the jury that the burden of proof is on the plaintiff to show by the greater weight of the credible evidence that defendant was negligent and that plaintiff's injuries, if any, were the direct result of the negligence of the defendant.

"You should not find that the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence, if you find and believe from all the evidence in the case that the defendant was not negligent, and if you do find and believe from all the evidence in the case that the defendant was not negligent, then your verdict should be in favor of the defendant."

▪ This follows verbatim the suggested instruction in Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001. The defendant-appellant claims that it was entitled to a burden of proof instruction. There is no doubt that a defendant in a res ipsa case is entitled to an instruction that the burden of proof is upon the plaintiff to show that the injured party was injured by the negligence of the defendant. McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641. Defendants are always entitled to a proper instruction on the subject. Highfill v. Brown, Mo.Sup., 320 S.W.2d 493. There appears to be no dispute as to this, but the respondent maintains that the court properly rejected the instruction, and all argument pro and con relates to the second paragraph above quoted.

In Stephens v. St. Louis Public Service Company, Mo.Sup., 276 S.W.2d 138, and in West v. St. Louis Public Service Co., Mo. Sup., 236 S.W.2d 308, the Missouri Supreme Court approved the giving of a Harke and Haase burden of proof instruction under facts similar to those before us. It was held in those cases that the instruction was not repetitious of other instructions given or confusing when read with other instructions. It seems, therefore, that the Supreme Court has given approval to the instruction for factual situations, where the occurrence giving rise to the inference of negligence has been denied by the defendant.

▪▪ We cannot, however, hold that the court erred in its refusal to give the instruction as offered. It will be noted that the first paragraph requires the proof that the *"plaintiff's injuries, if any, were the direct result of the negligence of the defendant."* (Emphasis ours.) It was of course the plaintiff's wife that was injured and not the plaintiff. This is a suit for the loss of the wife's services. This might not have been misconstrued by the jury had it been given by the court, and we may not have considered the error prejudicial. "But when [an] instruction is *refused* the rule is different. A trial court will not be convicted of reversible error for failure to give an instruction unless the instruction is substantially correct, some authorities say strictly and entirely accurate." Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, loc. cit. 711, 65 A.L.R. 129. Quite parallel to this case is the case of Schipper v. Brashear Truck Co., Mo. Sup., 132 S.W.2d 993, 125 A.L.R. 674. The Missouri Supreme Court had under consideration an instruction offered and refused by the court in an action by the plaintiffs for the wrongful death of their father. In that instruction the words "plaintiff" and "plaintiffs" had been used where the word "deceased" should have been used. It was held that the trial court properly refused the instruction, and we so hold in this case. Hertz v. McDowell, 358 Mo. 383, 214 S.W.2d 546; Orloff v. Fondaw, Mo.App., 315 S.W.2d 430.

▪ The second point raised is that the court erred in refusing to give a cautionary instruction offered. The giving or refusal of such instructions is largely within the discretion of the trial court, and we will not hold that the trial court erred unless the exercise of its discretion is abused. Enyart v. Santa Fe Trail Transp. Co., Mo. Sup., 241 S.W.2d 268. The instruction, in addition to being of a cautionary nature, was repetitious of another instruction given at the defendant's request. The court did not abuse its discretion in refusing the instruction offered.

▪ The third assignment goes to the action of the trial court in refusing to direct a mistrial because the plaintiff's wife started crying on the witness stand during her testimony. The court denied the motion for mistrial and immediately declared a recess. This is precisely what happened in Brooks v. Mock, Mo.Sup., 330 S.W.2d 759, wherein the court held that it is well established that the determination of the prejudicial effect of that type of demonstration is within the sound discretion of the trial court, and it went on to find no abuse of discretion in the trial court's refusal to declare a mistrial. We so hold here.

The last point raised is that the judgment is excessive. There is no reason. to restate Mrs. Wise's injuries and the loss occasioned to the husband by reason of them, as they are set out above. We are cited to no case where a comparable judgment for a comparable loss has been held excessive. Much larger sums for the loss of a wife's services and consortium have been approved in Pandjiris v. Oliver Cadillac Co., 339 Mo. 726, 98 S.W.2d 978, and Massey v. Berlo Vending Company, Mo. Sup., 329 S.W.2d 772. It is true that the injuries to the wife in those cases were more severe than the injuries suffered by Mrs. Wise, but the loss to the husband was not much greater than in the case before us. It is his loss that we are here considering. Gooch v. Avsco, Incorporated, Mo. Sup., 340 S.W.2d 665. We do not find the judgment of $7,000 excessive.

The judgment should be affirmed, and it is so ordered.

ANDERSON, P. J., concurs.

RUDDY, J., not sitting.