James SWEATMAN, Respondent,

v.

John W. McCLURE, Jr., Appellant.

No. 24602.

Kansas City Court of Appeals.
Missouri.

June 5, 1967.

Terence C. Porter, Columbia, for appellant. Welliver, Porter & Cleaveland, Columbia, of counsel.

Larry M. Woods, Columbia, for respondent. Sapp, Woods & Dannov, Columbia, of counsel.

HOWARD, Presiding Judge.

This is a suit wherein plaintiff attempted to recover for personal injuries suffered when he, as a pedestrian, was run into by defendant's automobile on Highway 63 North, in Columbia, Missouri. Trial to a jury resulted in a verdict for plaintiff in the amount of $6,000.00, which is within the jurisdiction of this court. The parties will be referred to as they appeared below.

Appellant's only complaint concerns alleged defects of Instruction No. 3, which was plaintiff's verdict directing instruction. In view of this limited issue a relatively brief summary of the evidence will suffice. On New Year's Eve, December 31 1964, plaintiff had drunk several beers and his car ended up in the ditch on the west side of Highway 63 North, at the northern edge of Columbia, Missouri. After waiting in the car for some time for a wrecker, which did not arrive, plaintiff, shortly after midnight on January 1, 1965, got out of his car and started walking south toward a filling station at the intersection of Highway 63 and old Highway 40 in Columbia. It was a dark, wet night with drizzling rain. The pavement was wet and the shoulder muddy. Plaintiff was dressed all in black. His testimony was that he started out walking on the shoulder but it was so muddy that he kept slipping and sliding and had difficulty keeping his footing. He therefore moved over to the edge of the pavement and continued walking south with his left foot on the west edge of the pavement and his right foot in the mud on the shoulder. He observed the lights of a car approaching from the rear. He could see the light reflecting on his clothing and on the road. He glanced at the car but then faced forward and continued walking south as before, with one foot on the pavement and one foot in the mud of the shoulder, until he was struck from the rear by the car.

The car which struck plaintiff was driven by defendant John W. McClure, Jr. He testified that he did not see plaintiff until after he hit him and when plaintiff flew up over the hood of his car. Defendant pulled his car into an adjacent driveway and went back to see what he had hit. He discovered plaintiff lying on the pavement, roughly parallel to and about three feet east of the west edge of the pavement. Plaintiff had multiple fractures of the pelvis and various bruises and lacerations, but in view of the issue involved, we need not detail this aspect of the case.

Defendant alleges error in the giving of Instruction No. 3 "for the reason that it authorized a verdict for plaintiff based upon defendant's failure to swerve his automobile, without requiring a finding of the basic fact that there was apparent danger of collision."

Instruction No. 3 reads as follows:

"INSTRUCTION NO. 3

"Your verdict must be for plaintiff if you believe:

First, defendant either:
failed to keep a careful lookout, or
failed to swerve to the left, and

Second, defendant's conduct, in any one or more of the respects submitted in paragraph First was negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage,

Unless you believe plaintiff is not entitled to recover by reason of Instruction Number 6.

The term 'negligence' as used in this instruction means the failure to use the highest degree of care which means that degree of care that a very careful and prudent person would use under the same or similar circumstances.

Given 2–1–66

M.A.I. No. 17.02"

This instruction is in the form prescribed by MAI 17.02. This instruction, as it appears in the MAI handbook, covers lookout, excessive speed and driving on the wrong side of the road. It is defendant's contention that the failure to swerve part of the instruction should have been given with the prerequisite finding of likelihood of collision as is provided for such matters in MAI 17.04, which instruction reads: "Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have" stopped, swerved, slacken speed, etc. The notes on use of MAI 17.04 provide: "This is an optional submission of negligence which may be used as paragraph First of Verdict Directing 17.01 or as one of the alternate submissions in paragraph First of Verdict Directing 17.02." This clearly shows that the drafters of MAI contemplated that such matters as stopping, swerving, slackening speed, sounding a warning etc. should be submitted in the form set out in 17.04 and not in the form appearing as 17.02. The reason for this direction is apparent from the Committee's Comment where they cite Greenwood v. Bridgeways, Inc., Mo.App., 243 S.W.2d 111, and quote therefrom a passage which points out there is no duty upon a defendant to take any pre-cautionary or evasive action unless and until there is an apparent danger of collision.

Civil Rule 70.01(b), V.A.M.R. provides: "Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given *to the exclusion* of any other on the same subject." (Emphasis supplied).

■ It is apparent that in the present case Instruction 17.04 is the appropriate instruction and should have been used in this instance to submit to the jury the issue of whether or not defendant was negligent in failing to swerve his automobile. This is true even though the lookout part of the instruction was properly submitted in the form provided by MAI 17.02. See Hawkeye Security Insurance Co. v. Thomas Grain Fumigant Co., Mo.App., 407 S.W.2d 622, where we recently held that failure to require a finding of apparent danger of collision before finding negligent failure to take evasive action was error and that such error was prejudicial in the circumstances there disclosed. In the Hawkeye case, as in the case at bar, that part of the instruction covering failure to take evasive action was coupled with a lookout instruction which was proper as to form.

■ Our Supreme Court has recently made it quite clear that MAI instructions and the notes on use thereof are not merely suggestions, but are mandatory requirements and that failure to follow the instructions and the notes on use will constitute error as is pointed out in Rule 70.01(b) supra. In Peak v. W. T. Grant Company, Mo., 409 S.W.2d 58, the court said, l. c. 60: "The basic theory concerning the use of MAI is that when an approved instruction is applicable it must be given to the exclusion of any other instruction on the same subject. In choosing appropriate instructions and modifications thereof it is essential that attorneys carefully consider the committee comments and follow the directions

contained in 'Notes on Use.' As stated at page XXXIV in Vernon's MAI, 'The notes on use following each instruction dictate the circumstances under which the instruction may be used. These must be followed.' Unless those directions are followed the use of the comparatively new MAI procedure cannot be successful."

As the instruction was given in the case at bar, the jury was authorized to find a verdict for plaintiff if they found that defendant "failed to swerve to the left" and that such failure was negligent. As given, this instruction failed to include the requirement that, by the use of the highest degree of care, defendant could have known that there was a reasonable likelihood of collision, in time thereafter to have ·swerved. There is a great difference between these two instructions. They are not alternatives and one can not be used in lieu of the other at the option of the parties or the court.

This requirement is based upon substantive law, which stems from the case of Stakelback v. Neff, Mo.App., 13 S.W.2d 575. This case has been repeatedly followed and approved by our courts of appeal and Supreme Court down to the present time. See among the many cases Nydegger v. Mason, Mo., 315 S.W.2d 816, Mullen v. St. Louis Public Service Co., Mo., 389 S.W.2d 838 and Miller v. Greis, Mo., 396 S.W.2d 642. In the latter case, the Supreme Court said, 1. c. 646: "Instruction No. 1 erroneously authorizes a verdict for plaintiff based upon defendants' failure to slow or slacken the speed of the truck or to warn of its approach, without requiring a finding of the basic fact that there was apparent danger of collision. The instruction hypothesized a factual situation in which plaintiff's northbound Oldsmobile turned in a westerly direction at an intersection; defendants' southbound truck was approaching and entering the intersection, and the Oldsmobile was in the path of the truck. The instruction assumed the existence of a duty on the part of the truck driver under this hypothesis to slow or slacken the speed of the truck or give warning of its approach, to enable the driver of the Oldsmobile to remove himself from the path of the truck. No such duty exists upon this bare framework of facts; no duty to take the precautions hypothesized *unless there was apparent danger of a collision.* The law does not impose upon the driver of a vehicle approaching and entering an intersection in which a vehicle is in its path the duty to slow down or issue a warning unless the use of the highest degree of care upon his part would lead him to believe that otherwise a collision would occur. He is not obliged to slacken speed or warn merely because he sees another automobile in the street ahead of him. There must be apparent danger of collision before he is required to act, and time thereafter to effectively take preventive action in avoidance. This fundamental factual basis for the existence of the duty was wholly omitted from the required findings. A finding that defendant Allen knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have slackened his speed and sounded a warning but failed to do so should have been incorporated in the verdict-directing instruction. M.A.I. No. 17.04."

Similarly, Instruction 3 in the case at bar did not require the jury to find that defendant by the use of the highest degree of care could have discovered plaintiff's presence and known that there was a reasonable likelihood of his striking plaintiff in time thereafter to have swerved his automobile and thereby avoided striking plaintiff. This finding is required by our substantive law and unless and until such finding is made the defendant can not be held to be negligent in failing to take evasive action because no duty arises until defendant knows, or by the use of the highest degree of care could know, of the danger in time to avoid it. No duty arises until the danger of collision is discovered,

or is discoverable, in the use of the highest degree of care.

In the recent case of Hawkeye Security Insurance Co. v. Thomas Grain Fumigant Co., 407 S.W.2d 622, this court held that the use of the form set out in MAI 17.04 is mandatory and that absent the requirements contained in this instruction, the jury was not given the necessary guidance to enable them properly to determine the issue of defendant's negligence in failing to swerve.

 In the case at bar, plaintiff maintains that even if such instruction is erroneous, such error is not prejudicial because the defendant admitted in his testimony that he never did see plaintiff prior to hitting him. This misconceives the issue. The question here is whether or not defendant, in the exercise of the highest degree of care, could have known that there was a reasonable likelihood of striking plaintiff in time to have taken the evasive action of swerving his car and thus avoided hitting plaintiff. The cases cited by plaintiff wherein an admitted fact is omitted from the instruction do not rule this case. It was defendant's theory of defense that plaintiff was not walking along the edge of the highway, as he testified, but in his drunken condition was staggering around either on the shoulder, or on the other side of the road, or had fallen down, and that he suddenly appeared in front of defendant and defendant did not have time to take any action. This theory was brought out in detail by the attorney for plaintiff on cross-examination. There was no objection to such testimony. It, together with a contention of contributory negligence on the part of plaintiff, constituted the main theory of defendant's argument to the jury. Thus the issue which the instruction omitted was not conceded by the parties.

Defendant's contention was that in the exercise of the highest degree of care, he could not have discovered plaintiff in time to have swerved and thereby avoided striking him. Defendant was entitled to

have a jury determine this issue and the instruction as given failed to present it to the jury. The use of the proper instruction, MAI 17.04, would have submitted such issue to the jury. The instruction as given authorized the jury to find the defendant guilty for failing to swerve even if they did not find that defendant, in the exercise of the highest degree of care, could have known that there was a reasonable likelihood of striking plaintiff in time to avoid the accident.

We therefore conclude that the error in Instruction No. 3 was prejudicial to the rights of the defendant and requires that the judgment below be reversed and the case remanded for new trial. It is so ordered.

All concur.