Richard Joseph ROBBEN and Isao N. Robben, Plaintiffs-Appellants,

v.

Larry Francis PETERS and Carter Peters, d/b/a Peters Hatchery and Feed, Defendants-Respondents.

No. 8738.

Springfield Court of Appeals.

Missouri.

April 12, 1968.

Charles H. Howard, Hendren & Andrae, Jefferson City, Harold S. Hutchison, Vienna, for plaintiffs-appellants.

Cullen Coil, Michael P. Riley, Carson, Inglish, Monaco & Coil, Jefferson City, for defendants-respondents.

TITUS, Judge.

The plaintiff-husband, Richard Joseph Robben, received a favorable jury verdict in the sums of $7,000 "for personal injuries" and $736.10 "for property damage." The plaintiff-wife, Isao N. Robben, in Count II of the petition asked damages for the alleged deprivation "of the services, society, association and companionship of her said husband" resulting from personal injuries he sustained in the vehicular collision which bred this damage suit. Her verdict was for $3,000. Plaintiffs have appealed from the order of the Maries County Circuit Court sustaining defendants' motion for a new trial because of the giving of "prejudicially erroneous instructions."

Six instructions were given. Instructions numbered 1 (MAI 2.01), 4 (MAI 11.02–II) and 6 (MAI 2.02) do not figure directly in this appeal. Instructions declared to be "prejudicially erroneous" by the trial court are as follows:

"INSTRUCTION NO. 2:

"Your verdict must be for plaintiffs if you believe:

"First, defendants permitted their truck to come into collision with the rear of the Kramer automobile, thereby causing the Kramer automobile to come into collision with the rear of plaintiff Richard Joseph Robben's automobile, and

"Second, defendants were thereby negligent, and

"Third, as a direct result of such negligence, the plaintiffs sustained damage. MAI 17.16—Plaintiffs." [1]

"INSTRUCTION NO. 3:

"In these instructions you are told that your verdict depends on whether or not you believe certain propositions submitted to you. In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. The burden is upon plaintiffs to cause you to believe the propositions necessary to support their claim against defendants. If the evidence in this case does not cause you to believe a particular proposition submitted, or if you are unable to form a belief as to any such proposition, then you cannot return a verdict requiring belief of that proposition. MAI 3.01—Plaintiffs."

"INSTRUCTION NO. 5:

"If you find the issues in favor of the plaintiffs, then you must award the plaintiffs such sum as you believe will fairly and justly compensate the plaintiffs for any damages you believe they sustained, and are reasonably certain to sustain in the future, as a direct result of the occurrence mentioned in the evidence. MAI 4.01—Plaintiffs."

1. Counts I and II, representing the original and derivative actions, were submitted to the jury by separate instructions in Scheele v. American Bakeries Company, Mo. (April 8, 1968, 427 S.W.2d 361; Harrison v. Weller, Mo.App., 423 S.W.2d 226, 229; and Murphy v. Land, Mo., 420 S.W.2d 505, 506.

The Committee on Jury Instructions requested "that the Supreme Court adopt the recommended rules requiring that when an approved instruction is applicable it must be given to the exclusion of any other instruction on the same subject." Vernon MAI, p. XXI. This was done.[2] V.A.M.R. 70.01(c) provides, "the giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined." Expounding this rule, the Supreme Court of Missouri cautions that "where there is a deviation from an applicable MAI instruction which does not need modification under the facts in the particular case, prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation."[3] "The notes on use following each instruction dictate the circumstances under which the instruction may be used. These must be followed." Vernon MAI, p. XXXIV. "Failure to follow the instructions and the notes on use will constitute error." Sweatman v. McClure, Mo.App., 416 S.W.2d 665, 667(3).[4]

■ MAI 26.04, "Verdict Directing—Loss of Services or Medical Expenses of Dependent," specifies: "Where plaintiff is suing for damages sustained because his dependent was injured, use one of the following paragraphs: A. [Third], as a direct result of such negligence plaintiff's [wife] [child] was injured and plaintiff thereby sustained damage. * * * Notes on Use. Paragraph A is to be used in lieu of: * * * Paragraph Third of Verdict-Directing—Rear End Collision, 17.16. * * * Other verdict directing instructions shall also be modified to require the finding of injury to plaintiff's dependent and a resulting damage to plaintiff." Thus, any verdict directing instruction given for plaintiff Isao N. Robben and patterned after MAI 17.16, was required by the mandate of MAI 26.04 to be altered in the particular manner directed. The failure to do so made the giving of Instruction No. 2 error. Under the authorities cited, supra, prejudicial error will be presumed unless it is made perfectly clear by the plaintiffs no prejudice could result.

■ Plaintiffs suggest MAI 26.04 need be used "only if the spouse was suing alone on the derivative cause of action" and not "where the causes of action are joined in one proceeding." We cannot agree. It is now the law in Missouri a wife can maintain an action for loss of consortium because of injuries to her husband negligently inflicted by a third party. Shepherd v. Consumers Cooperative Association, Mo. (banc), 384 S.W.2d 635; Novak v. Kansas City Transit, Inc., Mo. (banc), 365 S.W.2d 539. Nevertheless, when a married man sustains personal injury because of the negligence of another, two independent, separate and distinct causes of action come into esse. One is the husband's cause of action for damages because of his injuries, disabilities and expenses. The other accrues to the wife for the loss of her husband's services, society

2. V.A.M.R. 70.01(b); Martin v. Yeoham, Mo.App., 419 S.W.2d 937, 947(6); Tietjens v. General Motors Corporation, Mo., 418 S.W.2d 75, 88; Jack L. Baker Cos. v. Pasley Mfg. & Distrib. Co., Mo., 413 S.W.2d 268, 273; Hawkeye-Security Ins. Co. v. Thomas Grain Fum. Co., Mo.App., 407 S.W.2d 622, 628(5).

3. Gousetis v. Bange, Mo., 425 S.W.2d 91; Cash v. Bolle, Mo. (banc), 423 S.W.2d 743, 745; Brown v. St. Louis Public Service Company, Mo. (banc), 421 S.W.2d 255, 259(3); Murphy v. Land, supra, 420 S.W.2d at 507(4).

4. For other cases involving departure from MAI forms and instructions see: Chappell v. City of Springfield, Mo., 423 S.W. 2d 810; Van Brunt v. Meyer, Mo.App., 422 S.W.2d 364; Knepper v. Bollinger, Mo.App., 421 S.W.2d 796; Nugent v. Hamilton & Son, Inc., Mo., 417 S.W.2d 939; Barkley v. Mitchell, Mo.App., 411 S.W.2d 817; Peak v. W. T. Grant Company, Mo. (banc), 409 S.W.2d 58; Motsinger v. Queen City Casket Company, Mo., 408 S.W.2d 857; Leathem v. Longenecker, Mo., 405 S.W.2d 873.

and companionship. Cf. Take v. Orth, Mo.App., 395 S.W.2d 270, 276(10). "Novak stands for the proposition that the wife is entitled to damages for a separate and distinct personal loss suffered by her. * * * the wife is not entitled to any of the same damages the husband has recovered * * * [but is only permitted] to recover those losses which are separate and distinct to her." Manning v. Jones, 8 Cir., 349 F.2d 992, 995(4). "The injury to the [husband] does not necessarily imply injury to the [wife]. The injury to the [husband] is direct; the injury to the [wife] is indirect." Hopkins v. Mobile & O. R. Co., Mo.App., 33 S.W.2d 1009, 1010(3). Although V.A.M.R. 66.01(c) requires "that suits for loss of services and consortium shall be filed jointly with the original action of the other spouse" (Shepherd v. Consumers Cooperative Association, supra, 384 S.W.2d at 641), the rights of action are not merged into one but remain distinct and separate. 1 C.J.S. Actions § 113 a (5), p. 1376. Whether the actions be tried jointly or severally, the wife cannot recover for an injury to the husband in and of itself, but may recover only if the husband's injury produces damage peculiar to the wife. MAI 26.04 was apparently designed to so charge the jury.

■ The action *per quo consortium amisit,* while predicated upon a direct injury to the wife, was actually an action on the case which arose after the injury to the wife had been completed and related to a consequential injury to the husband "whereby he lost the company of his wife." 48 C.J., Per, Sec. 2, pp. 807–808; 14 C.J.S. Case, Action On § 3, pp. 4–5. Ergo, instructions which permitted the husband to recover on the simple finding the wife was injured without requiring the jury to find the husband had been thereby damaged in his own right, were held to be erroneous.[5] The same error permeates

Instruction No. 2 because it omits the requirement that the jury find "as a direct result of such negligence plaintiff Isao N. Robben's husband was injured and plaintiff Isao N. Robben thereby sustained damage" before it could award damages to the plaintiff-wife.

Ceding Instruction No. 2 could be technically erroneous, plaintiffs none the less argue the error does not justify the granting of a new trial because there is no real dispute concerning liability, the fact that plaintiff-husband was injured, or the fact the plaintiff-wife suffered some loss of her husband's services, society and companionship. Plaintiffs rely on Riggs v. Metcalf, Mo., 315 S.W.2d 791, 794–795(2), and Gooch v. Avsco, Incorporated, Mo., 340 S.W.2d 665, 668(5). These cases hold the error resulting from the giving of an instruction without any requirement for the jury to find the husband was damaged by reason of the injury to his wife would not be reversible error if (1) there is no real dispute about the fact that there was some loss of services and (2) if there are other instructions which correctly delineate and make clear the elements of the husband's damages.

The "other instructions" in this case did not cure the error in plaintiffs' verdict directing Instruction No. 2. Instruction No. 5 did not and, if MAI is to be observed, could not specify the elements of damages the plaintiff-wife was entitled to recover. Shepherd v. Consumers Cooperative Association, supra, 384 S.W.2d at 642. The only acceptable way to correctly charge the jury the wife was entitled to recover for her own loss and not for the damages her husband sustained from his injuries was in the fashion dictated by MAI 26.04, and this was not done.

■ Even under the theory of the Riggs and Gooch cases, supra, "if there

5. Hausherr v. Kansas City Public Service Co., Mo.App., 268 S.W.2d 433, 438(9); Blandford v. St. Louis Public Service Co., Mo.App., 199 S.W.2d 887, 891(1); Pand-

jiris v. Oliver Cadillac Co., 339 Mo. 726, 730(2), 98 S.W.2d 978, 979(1); Hopkins v. Mobile & O. R. Co., supra, 33 S.W.2d at 1010(1–3).

was an actual issue as to whether the [plaintiff-wife] did suffer some loss such omission [of MAI 26.04] would be prejudicial." State ex rel. Fourcade v. Shain, 342 Mo. 1190, 1194, 119 S.W.2d 788, 789. The plaintiff-husband was about 51 years of age at the time of the collision, and 53 years old at the time of trial. He testified that prior to the accident he had not "been a whole man, that's for certain * * * I've been limited in what I can do and the amount of time that I can spend doing it." Preceding the casualty the plaintiff husband had a "quite chronic" dermatophytosis about his fingernails, a 60% permanent partial disability of the body as a whole because of a heart condition ("part of it * * * we commonly call angina pectoris"), and additionally suffered from arthritis in the lower spine and "cystic changes of the left acetabular roof of the left hip joint." The permanent injury sustained by the plaintiff-husband because of the accident was due to aggravation of a pre-existing arthritic condition of the cervical spine produced by "a whiplash type of injury." The resulting disability was described by one of the husband's doctors as being "minimal to moderate." Defendants do not concede the plaintiff-wife was damaged and, under the circumstances of this case, it would not necessarily follow the wife suffered a loss because the husband was injured. Instruction No. 2 did not properly direct the jury, and the error was prejudicial because we cannot say with certainty no part of the $3,000 was intended as compensation for the wife merely because the husband was injured. The case of Manley v. Horton, Mo., 414 S.W. 2d 254, cited by plaintiffs, did not involve the propriety of an instruction on the wife's derivative action. That the court in Manley found a verdict in favor of defendants and against the wife to be inconsistent with the $50,000 verdict in favor of her husband is not helpful to the plaintiffs here.

▪ Plaintiffs further urge the giving of Instruction No. 2 without change as required by MAI 26.04 was not prejudicially erroneous because their counsel, both in the opening statement and closing arguments, "outlined to the jury that there were two plaintiffs and two claims; one on behalf of the husband for his injuries and property damage, and one on behalf of the wife for her damages occasioned by the injury to her husband." This is true to a degree as regards the opening statement, but disregards the fact that counsel's statement was prefaced with the admonition, "what I say isn't evidence in the case," and the fact the jury, by Instruction No. 1 (MAI 2.01), had been told, "The law applicable to this suit is given to you in these instructions and other instructions that you will receive at the close of all the evidence in this case, and it is your duty to follow all such instructions." The sole references to the derivative claim in the closing arguments were: " * * *. I think he [the husband] deserves a substantial verdict at your hands, as does his wife. She's been deprived of a lot because of the injuries to him. * * * I say for his wife and for what's been done to her in this thing, and she really ought to be told by your verdict that we have a system of justice in this country * * *" While we do not believe this was sufficient to advise the jury the wife's damages were to be limited to those resulting to her because of her husband's injury, the significant factor is "the jury was not so directed by the court, and it is a familiar, well established principle that this Court will be more liberal in upholding the trial court's action in sustaining a motion for a new trial than in denying it. * * * 'This is because the power of the trial court to grant a new trial is an exercise of its judicial discretion, which may be based upon matters known to the court (often said to be in the breast of the court) because the trial judge participated in the trial and knew what took place.' Castorina v. Herrmann, 340 Mo. 1026, 104 S.W.2d 297, 300." Johnson v. West, Mo., 416 S.W.2d 162, 166(5); Pollard v. Gen-

eral Elevator Engineering Company, Mo., 416 S.W.2d 90, 96(6); Brown v. St. Louis Public Service Company, supra, 421 S.W. 2d, concurring opinion at p. 260.

Holding, as we do, the granting of a new trial was proper because of the prejudicial error in giving Instruction No. 2 in disregard of MAI 26.04, renders it unnecessary for us to rule on Instructions 3 and 5. Counsel, by their briefs, display full knowledge of the objections to those instructions, so we harbor full confidence the errors will not be repeated upon retrial of the cause.

The order granting a new trial is affirmed and the cause remanded.

HOGAN, P. J., and STONE, J., concur.